**Motion Denied in Part as Moot and Order filed April 30, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-19-00306-CR
NO. 14-19-00308-CR
NO. 14-19-00309-CR
NO. 14-19-00310-CR
NO. 14-19-00311-CR
NO. 14-19-00312-CR
NO. 14-19-00313-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**KAHLIL DEAN, Appellee**

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 18-DCR-083497, 18-DCR-083704, 18-DCR-083833,
18-DCR-083834, 18-DCR-083835, 18-DCR-083836, 18-DCR-083837**

## ORDER

The State of Texas filed notices of appeal in each of the above-numbered cases, asserting it is appealing "the trial court's order dismissing the State's

indictment[s]." In its notices of appeal and appellate brief, the State contends it is authorized to pursue appeals pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure because the trial court "dismissed the State's indictments." *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).

None of the records before us contains an order dismissing the State's indictments. The records before us contain the district court's orders granting "Defendant's Motion in Bar of Prosecution for Lack of Jurisdiction and for Violation of Constitutional Provisions". On April 7, 2020, we ordered the district court to clarify its signed orders and state whether, by way of signing the orders granting "Defendant's Motion in Bar of Prosecution for Lack of Jurisdiction and for Violation of Constitutional Provisions", it intended to and dismissed the State's indictments in the above-numbered cause numbers.

On April 10, 2020, the State filed "State's Motion to Supplement the Record and Response to this Court's Order to the Trial Court to Clarify its Order". In its motion the State stated:

> Following the entry of the trial court's order granting Appellee's Motion in Bar, the State filed a "Motion for Reconsideration and Alternative Motion for Clarification of Its Order Granting Defendant's Motion in Bar." The 268th District Court granted that motion, and its order stated, in relevant part, that the court, "GRANTS the State's Motion for Reconsideration, withdraws the Order Granting Defendant's Motion in Bar of Prosecution, and DENIES Defendant's Motion in Bar of Prosecution." . . .
>
> Through an oversight, this Order does not appear in the Clerk's Record. The State would hereby move to supplement the Clerk's Record to include this order as it may be dispositive of the appeal and this Court's Order to the 268th Judicial District Court to clarify its order.

 (internal citations omitted).

The State also made arguments regarding its right to appeal and this Court's

jurisdiction.  The State prayed that this "Court order that the Clerk's Record be supplemented and that the State's issues be found meritorious and this Court find that it has jurisdiction to consider this appeal and ultimately the district court's order dismissing the State's indictments be overturned and the cases remanded to the 268th District Court for further proceedings."

On April 13, 2020, the State designated, pursuant to Texas Rule of Appellate Procedure 34.5, the district court's "Order on State's Motion for Reconsideration and in the Alternative Motion for Clarification", signed on April 12, 2019 in cause numbers  18-DCR-083833,  18-DCR-083834,  18-DCR-083835,  18-DCR-083836, 18-DCR-083837, "be included in the Clerk's Record on the State's appeal."  On April 16, 2020, supplemental clerk's records were filed in this Court containing the requested orders.  In light of the filed supplementation, we deny as moot that part of the State's motion asking "to supplement the Clerk's Record to include" the district court's April 12, 2019 orders.  We take the remainder of the State's motion with the case.

.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.